IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                          |   |                      |
|--------------------------|---|----------------------|
| GWENDOLYN LAUREN MOORE,  |   |                      |
|     Plaintiff,           |   |                      |
| vs.                      |   | No. 07-2077-JDB/dkv  |
| MIKE STEELE and          |   |                      |
| GRIMES TIRES,            |   |                      |
|     Defendants.          |   |                      |

ORDER GRANTING APPLICATION TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>
ORDER OF DISMISSAL
ORDER CERTIFYING ANY APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER ASSESSING APPELLATE FILING FEE

Gwendolyn Lauren Moore has filed a complaint under 42 U.S.C. § 1983, along with an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. The motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED. The Clerk of Court is ORDERED to file the case and to record Defendants as Mike Steele and Grimes Tires. The Clerk shall not issue process or serve any papers until further ordered by the Court.

On February 6, 2007, Plaintiff filed her complaint using the district court's form complaint for civil rights violations under 42 U.S.C. § 1983. She alleges that Defendant Mike Steele, Manager of Defendant Grimes Tires, requested that she be arrested by Shelby County Sheriff's Deputies on March 5, 2004. Plaintiff does not allege what charges were placed against her, why charges were placed against her, or the disposition of those charges.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

> (I) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

Plaintiff filed the form complaint for alleging civil rights violations under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that the defendants (1) deprived plaintiff of some right or privilege secured by the Constitution and laws of the United States and (2) acted under color of state law. Lugar v. Edmonson Oil Co. Inc., 457 U.S. 922, 924 (1982); Flagg Brothers Inc. v. Brooks, 436 U.S. 149, 155 (1978); Wagner v. Metropolitan Nashville Airport Authority, 772 F.2d 227, 229 (6th Cir. 1985).

To the extent this complaint is capable of being construed as alleging any violation of Plaintiff's civil rights under 42 U.S.C. § 1983, Mike Steele and Grimes Tires are a private individual and private company. Therefore, there is no cause of action under the civil rights acts. West v. Atkins, 487 U.S. 42, 55-57 (1988). In general, private individuals and companies do not act under color of state law. See id.; Polk County v. Dodson, 454 U.S. 312 (1981); McCord v. Bailey, 636 F.2d 606, 613 (D.C. Cir. 1979).

Additionally, if Plaintiff's claim is for false arrest, the Supreme Court's recent decision in Wallace v. Kato, 127 S. Ct. 1091, 1097, 1100 (2007), makes clear that Plaintiff's claim accrued at the time of arrest or, at the latest, when detention without legal process ends.[1] See also Fox v. DeSoto, 489 F.3d 227, 233, 235 (6th Cir. 2007). A one-year statute of limitations is applicable to § 1983 actions in Tennessee. Tenn. Code Ann. § 28-3-104(a); see Wilson v. Garcia, 471 U.S. 261, 266-268 (1985); Bernt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). The arrest in this case occurred on March 5, 2004, and, as this lawsuit was filed approximately three years later, the claim is time barred.

Even though pro se complaints are held to a less stringent standard than those drafted by attorneys, the complaint must plead facts sufficient to show a legal wrong has been committed from

---

[1] The Supreme Court explained:

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on criminal charges. . . . Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process. . . . "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." . . . Thus, petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was instituted against him, and the statute would have begun to run from that date.

Id. at 1096 (citations omitted); see also id. at n.3 ("This is not to say, of course, that petitioner could not have filed suit immediately upon his false arrest. While the statute of limitations did not begin to run until petitioner became detained pursuant to legal process, he was injured and suffered damages at the moment of his arrest, and was entitled to bring suit at that time.").

which plaintiff may be granted relief. <u>Moralez v. Thiede</u>, 828 F. Supp. 492, 493 (E.D. Mich. 1993). A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. <u>In re DeLorean Motor Co. v. Weitzman</u>, 991 F.2d 1236, 1240 (6th Cir. 1993). Accordingly, Plaintiff's complaint fails to demonstrate any basis for this Court's jurisdiction.

The complaint seeks to assert claims which fail to state a claim upon which relief may be granted. The complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b), and Fed. R. Civ. P. 12(h)(3).

The final issue to be addressed is whether Plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint subject to dismissal for failure to state a claim prior to service on Defendants has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by Plaintiff in this case.

If Plaintiff files a notice of appeal, she must pay the entire \$455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[2] The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.

If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[3] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will

---

[2] The fee for docketing an appeal is \$450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a \$5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari \$5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

[3] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline. McGore, 114 F.3d at 610.

5

dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. <u>McGore</u>, 114 F.3d at 610.

IT IS SO ORDERED this 29th day of November, 2007.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE